USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6-19-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

E. OXMAN,

      **Plaintiff,**

18-CV-00687 (ALC)

- against -

**OPINION & ORDER**

LAURA DRAGER,

      **Defendant.**

------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

## SYLLABUS

The law affords judges absolute immunity unless the judge did not perform a judicial act or clearly acted without jurisdiction. Similarly, absent extraordinary circumstances such as bad faith, the *Younger* doctrine prevents a party from challenging the constitutionality of state court proceedings in federal court. Federal courts must abstain where a party seeks to enjoin an ongoing, parallel state court proceeding that implicates a state's interest in enforcing the orders and judgments of its courts.

Defendant Justice Laura Drager presided over *pro se* Plaintiff E. Oxman's post-divorce proceedings in the New York Supreme Court. Oxman insists that three of Justice Drager's rulings violated federal and state law and seeks injunctive relief and damages against her. However, Justice Drager's absolute immunity bars all of Plaintiff's claims and the *Younger* abstention doctrine precludes the Court from exercising jurisdiction over these claims.

## PROCEDURAL HISTORY

1

Plaintiff brought this action against Defendant Justice Drager seeking injunctive relief and damages for violating her Constitutional rights pursuant to 42 U.S.C. § 1983 and parallel state law. ECF No.1. On February 22, 2018, this Court issued an Order dismissing Plaintiff's Complaint on the grounds of absolute judicial immunity and *Younger* abstention. ECF No. 10 ("Dismissal Order"). On February 26, 2018, Plaintiff filed a motion seeking permission to amend her Complaint. ECF No. 11. On March 8, 2018, Plaintiff filed a subsequent motion of reconsideration and requested the Court to recuse itself. ECF Nos. 12-13 ("Pl Mem"). On August 13, 2018, the Court denied all of Plaintiff's requests. ECF No. 21.

Plaintiff now moves for relief from this judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* ECF No. 22 ("Pl.'s Mot."). On September 6, 2018, Plaintiff submitted a subsequent letter requesting the Court to hold its decision on the Relief from Judgment Motion in abeyance. ECF No. 23. On September 19, 2018, Defendant filed its Opposition Memorandum. ECF No. 24.[1] For the following reasons, Plaintiff's motion is **DENIED**.

## DISCUSSION

### I. Motion for Relief from Judgment

#### A. Fed. R. Civ. P. Rule 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order of judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

---

[1] In response to Defendant's filing, Plaintiff filed a second letter requesting the Court to hold its decision on the pending motion in abeyance on September 21, 2018. ECF No. 25.

2

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). In her motion, Plaintiff argues, for example:

> "Defendant [Judge] Drager's conduct is beyond the pale, beyond extreme—a court in a third world country, where the laws are ignored, and her whims and tricks are a matter of course for those whom she favors, as is known...
>
> Plaintiff E. Oxman was the aggrieved party, the court knew it, Plaintiff knows Defendant [Judge] Drager, and filed to get away as quickly as possible, but [Judge] Drager just kept on going, making decision after decision and Orders etc. all to favor John Craig Oxman, the Defendant in the underlying case..."

Pl's. Mot. at 76. The Court has considered all of Plaintiff's arguments. Even after liberally interpreting her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in Fed. R. Civ. P. 60(b) apply. Plaintiff cites to the entire rule, but the Court will address the provisions Plaintiff's moving papers appear to emphasize.

### B. Fed. R. Civ. P. Rule 60(b)(2)

Plaintiff asserts there is newly discovered evidence in the matrimonial case file, i.e., "forged documents, illegal Quitclaim . . . Deeds," and a letter from an attorney, all apparently filed by parties or attorneys appearing in the matrimonial case and contained in the matrimonial case file. Pl.'s Mot. ¶¶ 4, 18. However, Plaintiff does not demonstrate that any documents were previously unavailable to her or that their discovery would change the outcome of this action in federal court, as opposed to her state-court matrimonial action. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 108. Nor does Plaintiff assert that Justice Drager was involved in producing or filing any of those documents. *Cf. Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

3

Thus, Plaintiff does not demonstrate that any newly discovered evidence affords her relief. She does not present "evidence that could not have been discovered earlier" and that "probably would have changed the outcome" of the Court's decisions in this action. *Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44, 52 (2d Cir. 2017); Fed. R. Civ. P. 60(b)(2) (permitting relief from a judgment where movant presents "newly discovered evidence"). Therefore, she does not satisfy Rule 60(b)(2)'s requirements.

### C. Fed. R. Civ. P. Rule 60(b)(3) and 60(d)(3)

Plaintiff's reliance on Rule 60(b)(3) and 60(d)(3) are also misplaced.[2] Fed. R. Civ. P. 60(b)(3) permits a Court to grant relief from a judgment for "fraud . . . misrepresentation, or misconduct by an opposing party". To succeed, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting [her] case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quotations omitted). Here, Plaintiff failed to demonstrate that Justice Drager's conduct in this action—which only consisted of requesting a pre-motion conference and filing her opposition to Plaintiff's motion for reconsideration— "prevented" Plaintiff "from fully and fairly presenting [her] case" herein. See ECF Nos. 5, 15. Thus, Plaintiff's motion for relief under Rule 60(b)(3) fails.

Plaintiff's motion under Rule 60(d)(3)'s fraud on the court ground for relief fares no better. "The standard to prove 'fraud on the court' is extremely high, and relief under Rule 60(d) is 'narrower in scope than that which is sufficient for relief...under [Rule] 60(b)(3).'" *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 450 (S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d

---

[2] Plaintiff's moving papers are unclear as to whether she intends to rely on Rule 60(b)(3) or Rule 60(d)(3). The Court will analyze the motion under each rule.

4

Cir. 2012) (quoting *Aneja v. M.A. Angeliades, Inc.*, No. 05 Civ. 9678, 2010 WL 199681, at *2, 2010 U.S. Dist. LEXIS 3035, at *5 (S.D.N.Y. Jan. 12, 2010). "'[F]raud on the court' is limited to 'fraud that seriously affects the integrity of the normal process of adjudication.'" *Id.* at *5; *see also Thornton v. U.S.*, No. 06 Civ. 1252, 2009 WL 2871167, at *3, 2009 U.S. Dist. LEXIS 79010, at *7 (S.D.N.Y. Sept. 3, 2009). "Fraud upon the court" constitutes fraud that does or attempts to "defile the court itself" or "fraud perpetrated by officers of the court" preventing the court from impartially adjudging cases. *Id.* (quoting *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir.2002)); *see also Manti's Transp., Inc. v. Citicapital Commer. Corp.*, No. 06 Civ. 1699, 2008 WL 977192, at *7–8, 2008 U.S. Dist. LEXIS 29074, at *23–24 (E.D.N.Y. Apr. 9, 2008). "[F]raud upon the court" must be established by clear and convincing evidence. *Lee*, 765 F. Supp. 2d at 450 (quoting *Thornton*, 2009 WL 2871167, at *3).

Here, Plaintiff implies that Justice Drager, by exercising jurisdiction over the matrimonial action, and this Court, by affirming Justice Drager's exercise of jurisdiction, committed "a fraud upon the court." Pl.'s Rule 60(b) Mot. ¶ 25; *see also* Compl. ¶ 16 (stating that Plaintiff's matrimonial action "was settled (unauthorized) without Plaintiff's knowledge, denying Plaintiff pro se her right to due process, and Judge Carter continues that Fraud upon the court"). However, Plaintiff fails to meet her burden of proof. Indeed, conclusory allegations cannot support a claim of fraud on the court under Rule 60(d). *Lee*, 765 F. Supp. 2d at 450; *see also*, e.g., *Aneja*, 2010 WL 199681, at *4, 2010 U.S. Dist. LEXIS 3035, at *11 (denying relief under Rule 60(d) where plaintiff failed to set forth facts suggesting fraud upon the court). Plaintiff presents no "clear or convincing" evidence suggesting fraud on the court. Accordingly, Plaintiff's motion for relief under Rule 60(d)(3) fails.

### D. Fed. R. Civ. P. Rule 60(b)(4)

Fed. R. Civ. P. 60(b)(4) permits relief from a judgment where "the judgment is void." *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 111 (2d Cir. 2017) ("A judgment is void . . . if the court entering judgment lacked subject matter or personal jurisdiction over the judgment debtor.") Plaintiff's Rule 60(b)(4) request for relief is based on her assertion that Justice Drager's decisions in the matrimonial proceedings were "null and void" since she acted without jurisdiction. Pl.'s Mot. at 72, 78, 80, 82. However, Justice Drager's orders have no bearing on the validity of the present judgment Plaintiff seeks to vacate. "[A] judgment [is] void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or...when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir.2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir.1986). The Court had subject matter over Plaintiff's claims, and Plaintiff fails to adequately assert otherwise. Thus, Plaintiff is not entitled to relief under Rule 60(b)(4).

Therefore, the motions under Fed. R. Civ. P. Rule 60(b)(1)-(5) are denied.

### E. Fed. R. Civ. P. Rule 60(b)(6)

Plaintiff cites to Rule 60(b)(6) and primarily asserts that she demonstrates a "reason that justifies relief," by allegedly showing "extraordinary circumstances." Pl.'s Mot. at 69; *see also* Fed. R. Civ. P. 60(b)(6); *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 356 (2d Cir. 2013) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). However, courts may grant a movant relief from judgment under Rule 60(b)(6) only if the motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Aczel v. Labonia*, 584 F.3d 52, 69 (2d

Cir.2009). Accordingly, since Plaintiff failed to articulate any ground for relief other than those arising under Rule 60(b)(2), (3) or (4), relief under Rule 60(b)(6) relief is unavailable.

Nevertheless, even if Plaintiff qualified for Rule 60(b)(6) relief, her arguments in support of her motion fail.

### i. Legal Standard

Rule 60(b)(6) allows a court to "relieve a party ... from a final judgment, order, or proceeding" for any "reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under Rule 60(b)(6) "requires a showing of extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). To determine if extraordinary circumstances exist, a court may consider a variety of factors, including, but not limited to, "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S.Ct. 759, 778, 197 L. Ed. 2d 1 (2017). "[A] Rule 60 motion 'may not be used as a substitute for appeal' and . . . a claim based on legal error alone is 'inadequate'" to warrant relief under Rule 60(b)(6). *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)). Thus, where the movant asserts that the District Court decided an issue incorrectly, it does not constitute "extraordinary circumstances." *Mpala v. Gateway Cmty. Coll.*, 717 F. App'x 96, 97 (2d Cir. 2018).

### ii. Analysis

Plaintiff does not demonstrate extraordinary circumstances and inaccurately contends that the Court incorrectly decided the issue of judicial immunity. Judicial immunity applies where "jurisdiction over the subject-matter is invested by law in the judge, or in the court which [she] holds," (*Bradley v.*

*Fisher*, 80 U.S. (13 Wall.) 335, 352 (1871) (broadly construing jurisdiction for judicial immunity purposes)), "even if [the judge's] exercise of authority is flawed by the commission of grave procedural errors". *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); cf. Pl.'s Mot. at 70–82.[3]

Plaintiff cites *Zappin v. Cooper* to support her argument that Justice Drager is not entitled to judicial immunity and that the Court should have afforded her Complaint "special solicitude". Pl.'s Rule 60(b) Mot. ¶¶ 15–20, 24– 25, 27, 29–38. In *Zappin*, the plaintiff sued a state court judge for defamation after the defendant disseminated a sanctions decision to unofficial publishers. *Id.* The Court ruled that the defendant was not entitled to judicial immunity because the alleged conduct did not constitute a judicial act under New York law. *Zappin v. Cooper*, No. 16-cv-5985 (KPF), 2018 WL 708369 at *14 (S.D.N.Y. Feb. 2, 2018). The Court found that while a judge is "exempt from liability for all acts done in the exercise of his judicial function," the act of transmitting an opinion for publication in an unofficial report was "not [an act] performed by the judge in his judicial capacity…" *Id.* at *12.

The facts in *Zappin* are considerably distinguishable from the facts here. Plaintiff asserts that Justice Drager does not enjoy judicial immunity because she presided over the post-judgment matrimonial proceedings and ordered sanctions against Plaintiff without jurisdiction. Pl.'s Mot. at 69– 78. However, Plaintiff cites no federal or New York case law to suggest Justice Drager's actions were outside the scope of her judicial capacity. Unlike the plaintiff in *Zappin*, Plaintiff's alleged harm was caused by Justice Drager's judicial opinions themselves, not by the unauthorized dissemination of

---

[3] *See also* N.Y. Const. art. VI, § 7 (general jurisdiction to state Supreme Court over civil actions); N.Y. Jud. Law § 753(A) (authority to find litigants in contempt); 22 N.Y.C.R.R. § 130-1.1 (authority to award sanctions); *Fry v. Vill. of Tarrytown*, 89 N.Y.2d 714, 718 (1997) (noting general grant of jurisdiction).

those opinions. Therefore, Justice Drager's alleged conduct was consistent with her judiciary duties, and Plaintiff's argument lacks merit as a matter of law.

Furthermore, Plaintiff only disputes the correctness of the Court's decision. Thus, her argument is insufficient to justify relief from the Judgment under Rule 60. *See United Airlines, Inc.*, 588 F.3d at 176; *Laurent v. PricewaterhouseCoopers LLP*, No. 06-CV-2280 (JPO), 2018 WL 1940431, at *2 (S.D.N.Y. Apr. 24, 2018); *Mi-Kyung Cho v. Young Bin Café*, 42 F. Supp. 3d 495, 501–02 (S.D.N.Y. 2013). Moreover, this Court already construed Plaintiff's Complaint liberally when dismissing the action on judicial immunity grounds. *See* ECF No. 9 at 2, 6; ECF No. 21 at 3. Accordingly, Plaintiff does not demonstrate grounds for relief from the Judgment in this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment is DENIED. The clerk of Court is kindly directed to terminate the motion at docket entry number 22.

**SO ORDERED.**

**Dated: June 19, 2019**
**New York, New York**

_____
Andrew L. Carter, Jr.
United States District Judge

9